MALOY *v.* ASSOCIATED LACE-MAKERS' CO. *et al.*

(*Supreme Court, General Term, Second Department.* February 10, 1890.)

1. VENDOR AND VENDEE—BONA FIDE PURCHASERS—PARTNERSHIP.

Where land is purchased by one partner with funds of the partnership, and, at his instance, conveyed to a third person, who in turn transfers it to a corporation substantially owned by such partner, the corporation is not a *bona fide* purchaser.

2. PARTNERSHIP—ACCOUNTING—FRAUDULENT CONVEYANCE.

An action by the copartner to set aside the conveyances is not barred by the pendency of an action for a partnership accounting, but the accounting cannot be had until it is determined whether or not the land is a partnership asset.

Appeal from special term, Westchester county.

An action by Michael Francis Maloy against the Associated Lace-Makers' Company, Herman Duden, Myron Winslow, and Julia E., his wife, to set aside two deeds of land,—one to Myron Winslow and Julia, his wife, and the other from Winslow and wife to the Associated Lace-Makers' Company. The grounds of the complaint are that the land was purchased with the funds of Duden & Co., a copartnership composed of plaintiff and defendant Duden. Judgment for plaintiff. Defendants appeal.

Argued before BARNARD, P. J., and PRATT and DYKMAN, JJ.

*Martin J. Keogh*, for appellants.  *J. M. Lyddy*, for respondent.

BARNARD, P. J. Whatever may be the legal relation between Maloy and Duden, as between themselves, the agreement gave the plaintiff a certain share of the net profits of the business. These profits paid for the land, and the land is therefore subject to the partnership agreement. The proof, however, shows a partnership between the partners. There is a common liability to the creditor, and common right to the profits of the business, in unequal proportions. Nothing is said about capital, and, in point of fact, no money capital was advanced from the business in this country. Duden is a manufacturer of lace in Belgium; and it seems as if the business was originally started to sell the goods of the foreign firm, of which Duden was the sole owner, or principal partner. Some four years after the formation of the partnership the partners hired a factory in Brooklyn, and subsequently bought the property in Westchester county, which is the subject of this action. The design was to build a lace factory. The land was paid for by borrowed money, and subsequently repaid to the lender out the profits of their business in America. The factory was built and paid for in same way, with a slight exception as to imported machinery. The foreign partner, Duden, without the knowledge of the plaintiff, took the title to the Weschester land in the name of the defendant Winslow. Winslow subsequently assigned the land to the corporation defendant, which had been incorporated at Duden's request, and was under his consent, and was substantially, if not entirely, owned by him. This conveyance was also made without plaintiff's consent. Under these facts, the case falls within well-settled rules of equity jurisprudence. Winslow has no more than a nominal title. The land was partnership assets, and the conveyance to the Associated Lace-Makers' Company was not a conveyance to a *bona fide* purchaser, but to Duden.

The action pending for an accounting is not a bar to this action, but the accounting cannot be had until it is determined whether or not this land is a partnership asset. If the accounting has left that out, this action is proper to supplement the account, with the question of the ownership to be settled as between the partners. The argument made by the appellant, that the purchase price of the land was charged to defendant Duden, is disappointing, in view of the evidence that the entries were made without the assent of the plaintiff, and in view of the finding that they were made without plaintiff's knowledge. At least, the question of who made the payment will be one for the accounting, when it is settled that the land belonged to the partnership. The judgment should therefore be affirmed, with costs.